**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARK A. GARZA AND** | § | **CIVIL ACTION NO:** |
| **ALEJANDRO HERRERA** | § | |
| | § | **5:23-cv-01560** |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **KEYSTONE RV COMPANY** | § | |
| | § | |
| *Defendant* | § | **JURY TRIAL REQUESTED** |

## COMPLAINT

### I. Parties

1.       Plaintiffs, MARK A. GARZA and ALJANDRO HERRERA, now and have been at all times material hereto citizens of the state of Texas.

2.       Defendant, KEYSTONE RV COMPANY, hereinafter "KEYSTONE", is an Indiana citizen and limited liability company with its principal place of business in Elkhart County, Indiana and is a final stage recreational vehicle assembler and engages in the assembly and sale of recreational vehicles in the State of Texas.

KEYSTONE's agent for service of process is CT Corporation System, 150 West Market Street, Suite 800, Indianapolis, IN, 46204.

### II.   Jurisdiction

3.       This  court has jurisdiction over the lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

This court also has supplemental jurisdiction under 28 USC § 1367 over Plaintiffs's

state law claims because said claims are so related to the claims within the Court's original jurisdiction that he form part of the same case or controversy under Article 3 of the United States Constitution.

### III.  Venue

4.      Venue is proper in this District because the Defendant is subject to personal jurisdiction in this venue and  has a venue selection clause for all warranty disputes to be filed in the state where the subject vehicle was purchased.

### IV. Conditions Precedent

5.      All conditions precedents have been performed or have occurred.

### V.    Facts

### A.  The Transaction

6.      On April 26, 2022, Plaintiffs purchased a new 2022 DUTCHMAN YUKON bearing VIN: 4YDFKU20NZ980131, hereinafter "DUTCHMAN," from EXPLORE USA RV in Buda, Texas.  The DUTCHMAN was purchased primarily for Plaintiffs' personal use.  The sales contract was presented to Plaintiffs at the dealership and was executed at the dealership.

7.      The sales price of the DUTCHMAN was $96,644.52, excluding finance charges. Civil or Punitive penalties for breach of warranty are recoverable under the Warranty Act, if they are recoverable for breach of warranty under the applicable state law.  See ***Hughes v. Segal Enterprises, Inc.*, 627 F. Supp. 1231, 1238 (W.D. Ark. 1986); *Chariton Vet Supply, Inc. v. Moberly Motors Co.*, 2:08CV47MLM, 2009 WL 1011500 (E.D. Mo. Apr. 15, 2009).**

### B.   Implied Warranties

8.      As a result of the sale of the DUTCHMAN by Defendants to Plaintiffs, an implied

warranty of merchantability arose in the transaction which included the guarantee that the DUTCHMAN would pass without objection in the trade under the contract description; and that the DUTCHMAN was fit for the ordinary purpose for which such motor vehicles are purchased.

9.    Subsequent to the sale, an implied warranty arose in connection with the repairs performed by the Defendant.  Specifically, the Defendant impliedly warranted that the repair work had been performed in a good and workmanlike manner.

**C.    Express Warranties**

10.    In addition to the implied warranties that arose in the transaction, certain representations and express warranties were made, including, that any malfunction in the DUTCHMAN occurring during a specified warranty period resulting from defects, non-conformities, and conditions in material or workmanship would be repaired, and that repair work on the DUTCHMAN had, in fact, repaired the defects, non-conformities, and conditions.

11.    Plaintiffs's purchase of the DUTCHMAN was  accompanied by express warranties offered by Defendant and extending to Plaintiffs.  These warranties were part of the basis of the bargain of Plaintiffs's contract for purchase of the DUTCHMAN.

12.    The basic warranties covered any repairs or replacements needed during the warranty period due to defects, non-conformities, and conditions in factory materials or workmanship.  Any required adjustments would also be made during the basic coverage period.  All warranty repairs and adjustments, including parts and labor, were to be made at no charge.

**D.    Actionable Conduct**

13.    In fact, when delivered, the DUTCHMAN was defective in materials and workmanship, with such defects, non-conformities, and conditions being discovered shortly after

purchase.  Many defects, non-conformities and conditions have occurred since purchase, including,

but not limited to those outlined below in the Plaintiffs' own words:

"A.
**Water heater was supposed to be replaced prior to delivery and wasn't... doesn't work on electric.**
**Furnace - Floor blowing up like a balloon**
**No Heat in bedroom**
**Shower drain leaking under RV in storage area.**
**Shower door shattered during transport. Handle fell off**
**Installed washer and dryer shaking alot**
**Washing Machine Stopped Working**
**Laundry Hamper Door Fell Off**
**Bedroom closet shelf Fell Off**
**Closet Clothing Racks all fell off. Not Screwed in any wood.**
**Bed hydrolic Master lifts broken/fell off, Wood under bed all broken**
**RV delivered without Refrigerator lock, now has dents.**
**Water line under RV leaking on kitchen slider - guessing from refrigerator line.**
**Island sink leaking**
**Island has water damage to bottom**
**Water damage to floor Near Island and under kitchen slide.**
**Water Damage to floor under slide/ Slide has difficulty sliding in.**
**Slide Cables Frayed in multiple locations, Not replaced**
**Kitchen Slide Busted Due to Stress of Swollen Damaged Floor.**
**Entire wall at door entrance Moves. When Slide opens or closes.**
**Entrance Door opens during Transport due to Wall shifting/moving.**
**Trash Drawer Fell Apart**
**Living Room Slide carpet is stained with glue from manufacturer and was told it would be cleaned or replaced.. wasn't.**
**Window screens falling off**
**Cabinet Doors Falling off**

-4-

**\*Love seat not set in place.. not screwed down.. moves**
**\*Third AC continually just turns off and on no matter**
**the setting.**
**\*Trims falling off**
**\*Skylight plastic on both fell off.**
**\*Paneling Behind couch fell off.**
**\*Slide Seals Fell off.**

    **B.**    **Outside:**
**\*Both Awning has a small cut in it at the edge.. one has**
**a manufacture screw through awning so don't**
**want to use it. They were never opened all the way**
**before purchasing because of the location.**
**\*Tires - Notified prior to delivery they were bad.. they**
**were not changed. balls in tires. Multiple**
**Blowouts, Placed in danger with known defective tires.**
**\*Replaced a total of 12 screws around fenders and**
**siding. fender fell off on side of highway**
**\*Front hatch doesn't Lock.**
**\*3 of 6 Leveling jacks leaking hydraulic fluid.**
**\*Both right and left side lift doors ( All 4) master lift**
**arms fell off.**
**\*The MORryde slide out tray wasn't even bolted in...**
**Only had one screw holding the entire thing in**
**place. Fell out and hit abdomen and arm.**

    **C.**    **ANY AND ALL DEFECTS, NON-CONFORMITIES**
            **AND CONDITIONS LISTED IN THE ATTACHED**
            **REPAIR ORDER.  EXHIBIT A; AND**

    **D.**    **THE DUTCHMAN HAS BEEN OUT OF SERVICE**
            **FOR OVER 90 DAYS."**

    14.    Since purchase, Plaintiffs have returned his DUTCHMAN to Defendant and authorized warranty service dealers for repairs on numerous occasions.  Despite this prolonged period during which Defendant was given the opportunity to repair the DUTCHMAN the more significant and dangerous conditions were not repaired.  Defendant failed to repair the vehicle so as to bring it into conformity with the warranties set forth herein.  From the date of its purchase, the

DUTCHMAN continues to this day to exhibit some or all of the non-conformities described herein.

15.    The defects, non-conformities, and conditions experienced by Plaintiffs with the DUTCHMAN substantially impaired its use, value and safety.

16.    Plaintiffs directly notified the Defendant of the defects, non-conformities and conditions of the DUTCHMAN on numerous occasions. Plaintiffs notified Defendant that he wanted a rescission of the sale of the DUTCHMAN but Defendant has failed and refused to buy back Plaintiffs' defective DUTCHMAN.

## VI.    Causes of Action

**COUNT 1:  VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

17.    Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs.

18.    Plaintiffs are a "consumer" as defined in the DTPA.

19.    Defendant violated the following provisions of the DTPA:

    a.    §17.50(1): the use or employment of a false, misleading, or deceptive acts or practices as defined in §17.46(b)(5), §17.46(b)(6), §17.46(b)(7), §17.46(b)(9), §17.46(b)(12), §17.46(b)(13), §17.46(b)(20), §17.46(b)(22) and §17.46(b)(24) of the DTPA that were detrimentally relied upon by Plaintiffs;

    b.    §17.50(2): breach of express warranty, as defined in §2.313 of the Tex Bus and Com Code (the warranty failed of its essential purpose and Plaintiffs were deprived of substantial value of bargain because the defect was not corrected within reasonable time);

    c.    §17.50(2):  breach of the implied warranty to perform repairs in a good and workmanlike manner, as set forth in *Melody Home Mfg. Co. v. Barnes*, 741 S.W.2d 349, 354 (Tex. 1987);

    d.    §17.50(2): breach of the implied warranty of merchantability as defined in §2.314 of the Texas Business and Commerce Code;

e.    §17.50(3): an unconscionable action or course of action as defined by §17.45(5).

20.    Because of the inherent defects in the DUTCHMAN, which defects existed at the time the DUTCHMAN, was sold, although not discovered until later, the DUTCHMAN was and is not merchantable in that it would not pass without objection in the trade under the contract description and it was and is not fit for the ordinary purpose for which such recreational vehicles are used by consumers.  Furthermore, Defendant have failed to perform the repair work in a good and workmanlike manner.  This conduct by Defendant constitute a breach of the implied warranties described above which breach is actionable under DTPA § 17.50(a)(2).

21.    When the DUTCHMAN was not repaired, the express warranties that it would be and had been repaired were breached. Defendant' breach of the express warranties is actionable under DTPA § 17.50(a)(2).

22.    Defendant' statements that the DUTCHMAN's defects would be and had been repaired misrepresented the characteristics, uses, benefits, standard and quality of Defendant' services.  For this reason, these representations were false, misleading and deceptive as defined in DTPA § 17.46(b)(5) and (7); and this conduct is actionable under DTPA § 17.50(a)(1).

23.    The Defendant acts or practices in the selling and/or repairing of the DUTCHMAN to Plaintiffs were unconscionable actions or courses of action because they took advantage of the Plaintiffs' lack of knowledge, ability, experience, or capacity of the Plaintiffs to a grossly unfair degree.  For this reason, this transaction was unconscionable and is actionable under DTPA § 17.50(a)(3).

24.    Plaintiffs further contends that Defendant' violations of the DTPA were committed

-7-

knowingly and intentionally as those terms are defined in §17.45(9) and §17.45(13) of the DTPA entitling Plaintiffs to seek civil penalties in trebling of their actual damages in accordance with the DTPA.

25.     This conduct was a producing and/or proximate cause of actual damages to Plaintiffs, as set forth below.

26.     The limited remedy in Defendant' warranty fails of its essential purpose and deprives Plaintiffs of the substantial value of the bargain because Defendant or its authorized dealerships did not correct the defects within a reasonable time.  Tex. Bus. and Com. Code § 2.719.  Therefore, any purported limitation of remedies is ineffective.

27.     The exclusion of consequential and incidental damages is unconscionable and therefore unenforceable.

28.     This conduct was a producing and/or proximate cause of actual damages to Plaintiffs, as set forth below.

29.     Any purported waiver or limitations of rights under DTPA by the Defendant is a violation of public policy under §17.42.  WAIVERS:  PUBLIC POLICY:

    (a)     Any waiver by a consumer of the provisions of this subchapter is contrary to public policy and is unenforceable and void;  provided, however, that a waiver is valid and enforceable if:

        (1)      the waiver is in writing and is signed by the consumer;

        (2)      the consumer is not in a significantly disparate bargaining position; and

        (3)     the consumer is represented by legal counsel in seeking or acquiring the goods or services.

    (b)     A waiver under Subsection (a) is not effective if the consumer's legal counsel

was directly or indirectly identified, suggested, or selected by a defendant or an agent of the defendant.

(c)     A waiver under this section must be:

(1)     conspicuous and in bold-faced type of at least 10 points in size;

(2)     identified by the heading "Waiver of Consumer Rights," or words of similar meaning;  and

(3)     in substantially the following form:

"I waive my rights under the Deceptive Trade Practices-Consumer Protection Act, Section 17.41 et seq., Business & Commerce Code, a law that gives consumers special rights and protections.  After consultation with an attorney of my own selection, I voluntarily consent to this waiver."

(d)     The waiver required by Subsection (c) may be modified to waive only specified rights under this subchapter.

30.     Any purported limitation or reduction in the statute of limitations by the Defendant under DTPA must not be less than two years under the Texas Civil Practice and Remedies Code §16.070. Contractual Limitations Period:

(a)     Except as provided by Subsection (b), a person may not enter a stipulation, contract, or agreement that purports to limit the time in which to bring suit on the stipulation, contract, or agreement to a period shorter than two years. A stipulation, contract, or agreement that establishes a limitations period that is shorter than two years is void in this state.

(b)     This section does not apply to a stipulation, contract, or agreement relating to the sale or purchase of a business entity if a party to the stipulation, contract, or agreement pays or receives or is obligated to pay or entitled to receive consideration under the stipulation, contract, or agreement having an aggregate value of not less than $500,000.

31.     Under DTPA the statute of limitations is two years §17.565.  LIMITATION:

**All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice**

-9-

**occurred or within two years after the consumer discovered or in the exercise of reasonable diligence should have discovered the occurrence of the false, misleading, or deceptive act or practice.  The period of limitation provided in this section may be extended for a period of 180 days if the Plaintiffs proves that failure timely to commence the action was caused by the defendant's knowingly engaging in conduct solely calculated to induce the Plaintiffs to refrain from or postpone the commencement of the action.**

32.    As a direct and proximate result of Defendant' willful violation of their obligations under the DTPA, Plaintiffs have suffered actual, consequential and incidental damages, including but not limited to money expended on the purchase of the , damages associate with the inconvenience suffered as a result of the complete failure of the  to operate properly, the loss of use of the  during the weeks it has been in the garage for repairs, the cost of repairs related to these defects, loss of wages,  and attorneys' fees.   Plaintiffs have incurred and will continue to incur in order to protect their rights in this matter.  The precise amount of damages is unknown at the present time but is estimated to be in excess of $350,000.00 and will be shown according to proof at trial. Attorneys' fees, loss of use, interest, and other damages continue to accrue.

33.    Under the DTPA, Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevails.  As a proximate result of Defendant' misconduct as alleged herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continues to incur legal fees, costs and expenses in connection therewith.

**COUNT 2:    VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT**

34.    Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

-10-

35.     Plaintiffs are a "consumer" as defined in the Magnuson-Moss Warranty Act (hereinafter "Warranty Act"), 15 U.S.C. § 2301(3).

36.     Defendant is a "supplier" and "warrantor" as defined in the Warranty Act, 15 U.S.C. § 2310(4) and (5).

37.     The DUTCHMAN hereinabove described is a "consumer product" as defined in the Warranty Act, 15 U.S.C. § 2301(l), because it is normally used for personal purposes and Plaintiffs in fact purchased it wholly or primarily for personal use.

38.     The express warranties more fully described hereinabove pertaining to the DUTCHMAN is a "written warranty" as defined in the Warranty Act, 15 U.S.C. § 2301(6).

39.     The actions of Defendant in failing to tender the DUTCHMAN to Plaintiffs free of defects, non-conformities, and conditions and refusing to repair or replace the defective DUTCHMAN tendered to Plaintiffs constitutes a breach of the written and implied warranties covering the DUTCHMAN and hence a violation of the Magnuson-Moss Warranty Act.

40.     Plaintiffs have performed all things agreed to and required of them under the purchase agreement and warranty, except as may have been excused or prevented by the conduct of Defendant as herein alleged.

41.     As a direct and proximate result of the acts and omissions of Defendant and each of them as set forth hereinabove, Plaintiffs have been damaged hereinabove in an amount in excess of $500,000.00 according to proof at trial.

42.     Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiffs are entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.  As a proximate result of the misconduct of Defendant as alleged

herein, and in an effort to protect their rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton. Plaintiffs have incurred and continues to incur legal fees, costs and expenses in connection therewith.

## COUNT 3:    BREACH OF EXPRESS WARRANTIES

43.    Plaintiffs re-allege and incorporate by reference as though fully set forth herein each and every allegation contained in the preceding paragraphs.

44.    Th Defendant's advertisements and statements in written promotional and other materials contained broad claims amounting to a warranty that Plaintiffs' DUTCHMAN or those similarly situated were free from inherent risk of failure or latent defects, non-conformities, and conditions. In addition, the Defendant issued an expressed written warranty which covered the DUTCHMAN and warranted that the DUTCHMAN was free of defects, non-conformities, and conditions in materials and work quality at the time of delivery.

45.    As alleged above, the Defendant breached its warranties by offering for sale, and selling as safe to Plaintiffs, an DUTCHMAN that was latently defective, unsafe, and likely to cause economic loss to Plaintiffs.

46.    In breach of the foregoing warranties, the Defendant have failed to correct said defects, non-conformities, and conditions.

47.    The damages Plaintiffs have suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

-12-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COUNT 4:    BREACH OF IMPLIED WARRANTIES**

48.    Plaintiffs re-allege and incorporate herein by reference each and every allegation set forth in the preceding paragraphs.

49.    The Defendant impliedly warranted that Plaintiffs' DUTCHMAN which it designed, manufactured, and sold, were merchantable and fit and safe for their ordinary use, not otherwise injurious to consumers, and would come with adequate safety warnings.

50.    Any purported limitation of the duration of the implied warranties contained in the written warranties given by Defendant are unreasonable and unconscionable and void under the principles of estoppel, because Defendant knew the defects, non-conformities, and conditions existed and might not be discovered, if at all, until the DUTCHMAN had been driven for a period longer than the period of the written warranty, and Defendant willfully withheld information about the defects, non-conformities, and conditions from Plaintiffs.

51.    Because of the defects, non-conformities, and conditions, Plaintiffs' DUTCHMAN is unsafe and unfit for use and has caused economic loss to the Plaintiffs.  Therefore, the Defendant breached the implied warranty of merchantability.

52.    The damages Plaintiffs have suffered are a direct and proximate result of Defendant' actions in this matter include, but are not limited to, diminution in value of the vehicle; costs of repairs; expenses associated with returning the vehicle for repeated repair attempts; loss of wages; loss of use; damages; and attorney fees.

**VII.    Economic and Actual Damages**

53.    Plaintiffs sustained the following economic and actual damages as a result of the actions and/or omissions of Defendant described herein above:

-13-

a.. Out-of-pocket expenses, including but not limited to the money paid towards the note securing the vehicle;

b. Loss of use;

c. Loss of the "benefit of the bargain";

d. Diminished or reduced market value; and

e. Costs of repairs.

## VIII.    Damages for Mental Anguish

54.    Plaintiffs would further show false, misleading and deceptive acts, practices and/or omissions described herein above were committed "knowingly," as provided by Section 17.45(9) of the Texas Business and Commerce Code, in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

55.    As a result of such acts, practices and/or omissions, Plaintiffs sustained a high degree of mental pain and distress of such nature, duration and severity that would permit the recovery of damages for mental anguish pursuant to Section 17.50(b) of the Texas Business and Commerce Code, and for which Plaintiffs hereby sues in an amount in excess of the minimum jurisdictional limits of this Court.

## IX.    Multiple Damages

56.    The Defendant's conduct in violation of the DTPA was committed knowingly, as that term is defined in that Defendant had actual awareness of the falsity, deception, or unfairness of such acts, practices, and/or omissions.

57.    Plaintiffs further show that such acts, practices, and/or omissions were committed "intentionally" in that Defendant specifically intended that Plaintiffs act in detrimental reliance on

the falsity or deception or in detrimental ignorance of the unfairness.

58.    Therefore, Plaintiffs are entitled to recover multiple damages as provided by 17.50(b)(1) of the Texas Business and Commerce Code in an amount not to exceed three times the amount of their economic damages.

### VI.    Request for Rescission

59.    Plaintiffs seek the remedy of rescission of the sales contract.

60.    Plaintiffs revoke their acceptance of the DUTCHMAN for the reason that its defects, non-conformities, and conditions substantially impair its use, value, and safety to Plaintiffs and the acceptance was based on Plaintiffs' reasonable reliance on the false representations and warranties of the Defendant that the defects, non-conformities, and conditions in the DUTCHMAN would be repaired, and no reasonable prudent buyer would have purchased the DUTCHMAN with knowledge of these defects, non-conformities, and conditions prior to the sale.  Accordingly, Plaintiffs seek a cancellation of the sales contract and an order of the court restoring to him the money obtained by Defendant as a result of the false representations and breaches of express and implied warranties as set forth above.  Plaintiffs also seek cancellation of the debt and offers to return the DUTCHMAN to the Defendant.

### VII.    Attorney Fees and Costs

61.    Plaintiffs are entitled to recover a sum equal to the aggregate amount of costs and expenses, including attorney's fees, if Plaintiffs prevails.  As a proximate result of Defendant' misconduct as alleged herein, and in an effort to protect his rights and to enforce the terms of the agreement as more particularly set forth above, it has become necessary for Plaintiffs to employ the legal services of Richard C. Dalton.  Plaintiffs have incurred and continue to incur legal fees, costs

-15-

and expenses in connection therewith.

## VIII.    Prayer for Relief

62.    For these reasons, Plaintiffs prays for judgment against the Defendant for the following:

a.    For general, special and actual damages according to proof at trial;

b    Rescinding the sale of the  2022 DUTCHMAN YUKON bearing VIN: 4YDFKU20NZ980131 and returning to Plaintiffs the purchase price including all collateral costs at the time of the sale, any and all finance charges, insurance premiums, maintenance costs, repair costs, and damages;

c.    For incidental and consequential damages according to proof at trial;

d.    Out of pocket damages for expenditures related to any cost of repairs, deductibles; and towing charges;

e.    Any diminution in value of the DUTCHMAN attributable to the defects, non-conformities, and conditions;

f.    Past and future economic losses;

g.    Prejudgment and post-judgment interest;

h.    Attorney fees;

i.    Costs of suit, expert fees and litigation expenses; and

j.    All other relief this Honorable Court deems appropriate.

## XI.    Demand for Jury Trial

63.    Plaintiffs hereby demand a trial by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*

Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
P.O. Box 358
Carencro, Louisiana 70520-0358
rick@rickdalton.law
(337) 371-0375

ATTORNEY FOR PLAINTIFFS

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
MARK A. GARZA AND
ALEJANDRO HERRERA

**DEFENDANTS**
KEYSTONE RV. COMPANY

(b) County of Residence of First Listed Plaintiff  Texas
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Indiana
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Richard C. Dalton, LLC
P.O. Box 358
Carencro,La 70471 (337) 371-0375

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding
☐ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332(a)(1)
Brief description of cause:
TEXAS DTPA; MAGNUSON MOSS WARRANTY ACT; BREACH OF WARRANTIES

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $  500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE  12/28/2023

SIGNATURE OF ATTORNEY OF RECORD  /s/Richard C. Dalton

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   (b)    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   (c)    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.**  Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.**  Place an "X" in one of the six boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

VI.    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

VII.    **Requested in Complaint.**  Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.